IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CYNTHIA MOLINA *as Personal Representative*
*of the Estate of* JAVIER MOLINA,

      Plaintiff,

v.  No.  2:16-cv-163 JB/KRS

STATE OF NEW MEXICO, et al.,

      Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte* upon review of the record.  On March 7, 2016, Plaintiff filed a complaint asserting civil rights claims against Defendants for injuries inflicted on her husband, Javier Molina, that resulted in his death.  (Doc. 1).  This case was stayed from March 6, 2017 to July 29, 2019, pending resolution of the criminal cases relating to Mr. Molina's death.  (Docs. 40 and 57).  Thereafter, the parties engaged in discovery until September 8, 2020, when Plaintiff's attorney moved to withdraw, stating the attorney/client relationship had deteriorated.  (Doc. 72).  The motion was granted on September 21, 2020, and Plaintiff was given fifty (50) days to obtain counsel.  (Doc. 73).  On November 9, 2020, the presiding judge referred this case to the undersigned to recommend an ultimate disposition.  (Doc. 74).  Thereafter, on November 15, 2020, Defendants filed a Motion for Summary Judgment in which Defendants assert, *inter alia*, that Plaintiff lacks standing to proceed as a personal representative for Mr. Molina's estate because she and Mr. Molina were not legally married.  (Doc. 76) at 5-6.  No response to the Motion for Summary Judgment has been filed and the time for doing so has passed.

The Court's Local Rules require "[a] corporation, partnership or business entity other than a natural person" to be represented by an attorney.  D.N.M. LR-Civ. 83.7; *see also United States v. Lain*, 773 Fed. Appx. 476, 477 (10th Cir. 2019) (holding that a trustee may not represent a trust unless he or she is licensed attorney).  Courts have applied this Rule to representatives of estates.  *See Cordero v. Froats*, 2018 WL 1831820, at *3 (D. N.M.) (unpublished) (finding the personal representative for wrongful death estate could not act as the estate's attorney because she is not an attorney); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities."); *Lain*, 773 Fed. Appx. At 477 ("Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel."); *United States v. Cram*, 1998 WL 919871, at *6 (D. Utah) (explaining that rule prohibiting *pro se* representation of artificial entity serves to protect beneficiaries who would not be able to sustain a malpractice action against a *pro se* representative).  In certain limited circumstances, courts have allowed personal representatives to appear *pro se* when the personal representative was the sole beneficiary of the estate and there were no claims of creditors.  *See Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 210-11 (5th Cir. 2016); *Guest v. Hansen*, 603 F.3d 15, 17 (2d Cir. 2010).

It is not apparent from the record before the Court whether Plaintiff is the sole beneficiary of the estate or if there are any creditors or claims against the estate.  Therefore, it is not clear that Plaintiff may proceed in this case *pro se* or if she must obtain counsel.  In addition, based on Plaintiff's failure to respond to Defendants' Motion for Summary Judgment, it is not

clear whether Plaintiff intends to prosecute this case. The Court may impose sanctions for Plaintiff's failure to prosecute and failure to comply with Court orders based on the Court's inherit power to regulate its docket and promote judicial efficiency. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). Additionally, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute.

**IT IS THEREFORE ORDERED** that **no later than March 12, 2021**, Plaintiff shall either obtain counsel and counsel shall file an entry of appearance in this case, or Plaintiff shall respond in writing and show cause why she may proceed *pro se* as a personal representative in light Local Rule 83.7. Plaintiff shall also show cause why this case should not be dismissed without prejudice for failure to prosecute. Failure to comply with this Order may result in dismissal of this action without prejudice and without further notice.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE